UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                   11-cr-568 (PKC)

      -against-

                                                         OPINION
                                                       AND ORDER
HECTOR LOPEZ,

                      Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.:

        Hector Lopez was sentenced principally to 180 months' imprisonment for participation in a heroin distribution conspiracy. For reasons that will be explained, his motion for a sentence reduction for "extraordinary and compelling reasons" will be granted and his sentence will be reduced to 121 months imprisonment. 18 U.S.C. § 3582(c)(1)(A).

        At the time of sentencing, the Court adopted without objection the Guidelines range set forth in the plea agreement and recommended by the Office of Probation, 262 to 327 months' imprisonment. The calculated range included a "career offender" enhancement premised on two prior convictions, one of which was for simple possession of a controlled substance. Under the clear language of the Guidelines, the possession offense did not qualify as a "controlled substance offense," then or now, and thus Lopez should not have received the career offender enhancement. U.S.S.G. § 4B1.2 (effective Nov. 1, 2011). The government does not dispute that the correct Guidelines range of imprisonment that should have been considered by the Court was 121 to 151 months. It nevertheless opposes Lopez's motion.

Before addressing the reasons for the Court's conclusion that Lopez has demonstrated extraordinary and compelling reasons for a sentence reduction, the Court considers and will reject his argument that his sentence ought to be reduced because the Guidelines range has been amended and lowered. 18 U.S.C. §3582(c)(2). That argument fails because it would require a recalculation of a Guidelines enhancement that was unaffected by the amendment, which is not permitted under controlling precedent.

BACKGROUND

On May 15, 2012, Lopez pled guilty pursuant to a plea agreement to conspiracy to distribute and possess with the intent to distribute heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846. (Doc 220). The plea agreement stipulated that Lopez was a career offender pursuant to U.S.S.G. § 4B1.1(a). (Presentence Report ("PSR") ¶ 3). The PSR prepared by the Probation Department, utilizing the Guidelines Manual effective November 1, 2011, likewise determined that Lopez qualified as a career offender. (PSR ¶ 80). At sentencing, the government and Lopez did not object to this calculation, and the Court adopted the Guidelines range in the PSR. (Sentencing Tr. at 3–4; Doc 302).

To be designated as a career offender under the Guidelines, among other requirements, a defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Lopez's career offender designation was based on his felony convictions under New York state law for robbery in the first degree and criminal possession of a narcotic drug in the fourth degree. (PSR ¶ 80). Lopez and the government now agree that one of these predicate offenses, criminal possession of a narcotic drug in the fourth degree, does not -- and did not at the time -- constitute a "controlled substance offense."

The term "controlled substance offense" includes a conviction that prohibits "the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G § 4B1.2(b). Under the language of section 4B1.2(b) and Second Circuit precedent, "simple possession of narcotics" was not considered a controlled substance offense. United States v. Pearson, 77 F.3d 675, 676 (2d Cir. 1996) (citing N.Y. Penal Law § 220.09).[1] The PSR described nothing more than "possession of a quantity of a controlled substance." (PSR ¶ 123). The government now does not dispute that one of the two predicate offenses was never premised on more than simple possession. At his October 10, 2012 sentencing, the Court sentenced Lopez principally to a term of 180 months' imprisonment, 82 months below the bottom of the advisory Guidelines range that it had adopted. If Lopez's Guidelines were calculated without the career offender enhancement, he would have had an offense level of 29 and a criminal history category of IV. (PSR ¶¶ 79, 132). This would have resulted in a Guidelines range of 121 to 151 months' imprisonment.

Lopez did not file a direct appeal. On March 21, 2016, Lopez sought a sentence reduction pursuant to 18 U.S.C § 3582(c)(2). (Doc 457). The Court denied Lopez's motion because "the guidelines range used in the defendant's original sentencing was based on his status as a Career Offender. . . rather than the amount of drugs involved in the offense." (Doc 490). Lopez subsequently moved to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that he

---

[1] Under N.Y. Penal Law § 220.09, "[o]nly one of the 15 articulated bases under which a defendant may be liable includes as an element that the defendant possessed the substance with an intent to sell; all other 14 subsections impose liability for possession alone." United States v. Vargas, _ F. Supp. 3d _ , 2020 WL 6886646, at *4 n.2 (S.D.N.Y. Nov. 24, 2020) (Caproni, J.). "[T]o qualify as a predicate offense under the Sentencing Guidelines, a conviction or guilty plea must include both elements of possession and intent to distribute a controlled substance." Romero v. United States, 933 F. Supp. 2d 528, 532 (S.D.N.Y. 2013) (Marrero, J.). As the law stood at the time of Lopez's sentencing, where "the statute of the prior conviction criminalizes both predicate and non-predicate conduct," the Court should have asked "whether the government has shown that the plea 'necessarily' rested on a fact identifying the conviction as a predicate offense." United States v. Savage, 542 F.3d 959, 964 (2d Cir. 2008).

was not a career offender because he was not convicted of a predicate "crime of violence." (Doc 465). The Court denied Lopez's habeas petition on May 9, 2017. (Doc 503).

The Court has heard the parties orally and in writing on Lopez's present motion.

DISCUSSION

  I.  Lopez's Motion for Sentence Reduction Under Section 3582(c)(2) Is Denied.

The Court's discretion to reduce a sentence under section 3582(c)(2) is limited. Under the provision, "[a] defendant is eligible for a sentence reduction if he was 'sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission' and 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" United States v. Jarvis, 883 F.3d 18, 21 (2d Cir. 2018) (quoting 18 U.S.C. § 3582(c)(2)); see also Dillon v. United States, 560 U.S. 817, 826–27 (2010) (explaining that "step one" under the section 3582(c)(2) analysis requires that the court determine "the prisoner's eligibility for a sentence modification"). The applicable policy statement is section 1B1.10 of the Guidelines. United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020). Under section 1B1.10(b)(1), a district court must "determine the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing, and "shall leave all other guideline application decisions unaffected." The scope of sentence modification authorized under § 3582(c)(2) is "narrow" and not a "plenary resentencing." Dillon, 560 U.S. at 826.

Lopez seeks a modified sentence under 18 U.S.C. § 3582(c)(2) based on retroactive application of Amendment 782 to the Guidelines, which lowered the base offense level for certain categories of drug-related offenses. As the Court previously explained in Lopez's first section 3582(c)(2) motion, because Lopez was sentenced as a career offender, solely applying Amendment 782 would not have the effect of lowering his applicable Guidelines

range.  (Doc 490, at 1–2); see United States v. Walker, 702 F. App'x 13, 14 (2d Cir. 2017) ("For career offenders, the guideline range determined before consideration of any departure or variance is the career offender range, and hence career offenders are not eligible for a reduction even where the otherwise applicable drug guidelines ranges were lowered."); United States v. Suarez, 633 F. App'x 562, 563 (2d Cir. 2016) (citing United States v. Mock, 612 F.3d 133, 138 (2d Cir. 2010) (per curiam) and United States v. Martinez, 572 F.3d 82, 84–85 (2d Cir. 2009)).

In his current motion, Lopez urges that the Court should refrain from applying the career offender designation and calculate his amended guidelines range under the applicable drug quantity guidelines.  This Court recently rejected a similar argument made by one of Lopez's co-defendants in United States v. Marrero, stating that:

> Adoption of [defendant's] argument would require the Court to alter a Guidelines application that was not affected by Amendments 782 and 788. The Sentencing Commission's Application Note makes plain that a sentence should not be reduced if the new Guideline reduction would not have affected the defendant's Guideline range. U.S.S.G. § 1B1.10 Application Note 1(a). This is also inconsistent with the narrow scope of relief provided by section 3582(c)(2), authorizing only "a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." Dillon, 560 U.S. at 826.

11-cr-568 (PKC), 2020 WL 7079483, at *2 (S.D.N.Y. Dec. 3, 2020).

Although Lopez was improperly deemed a "career offender" at the time of his sentencing, in the context of section 3582(c)(2), the Court concludes that he is not eligible for a sentence reduction.  In United States v. Mock, defendant's section 3582(c)(2) motion contended that the district court erred at his original sentencing by failing to state on the record factual findings supporting the application of the career offender enhancement.  612 F.3d at 135–36.  Defendant urged the district court to address this "procedural error" and reconsider his designation as a career offender.  Id.  The Second Circuit concluded that Dillon prevented a

defendant from "seek[ing] to attribute error to the original, otherwise-final sentence in a motion under [section 3582(c)(2)]." Id. at 138. "[R]egardless of whether there is merit to defendant's argument that the district court committed *procedural error* when it applied the career offender Guideline at his original sentencing, neither the district court nor this Court is authorized to consider that contention in the context of a motion pursuant to 18 U.S.C. § 3582(c)(2)." Id. (emphasis added).

Lopez urges that the procedural error in his case is significantly more serious than defendant's alleged error in Mock. Outside of the section 3582(c)(2) context, the Second Circuit has noted that "'[a] district court commits procedural error where it fails to calculate the Guidelines range' or 'makes a mistake in its Guidelines calculation.'" United States v. Mangone, 652 F. App'x 15, 16 (2d Cir. 2016) (summary order) (quoting United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008)). However, the Second Circuit's opinion in Mock did not rest on the type of procedural error but on the limited scope of the district court's authority under section 3582(c)(2). The Court notes that it is further "bound by language in the Sentencing Commission's policy statement. . . ." Jarvis, 883 F.3d at 21 (internal quotation marks omitted). Lopez's argument fails because it would not "leave all other guideline application decisions unaffected," U.S.S.G. § 1B1.10(b)(1), and would require reevaluation of his status as a career offender under section 4B1.1 of the Guidelines. Accordingly, the Court concludes that it is not "authorized to consider" Lopez's erroneous classification as a career offender at sentencing under section 3582(c)(2). Mock, 612 F.3d at 138.

II. Sentence Reduction For Extraordinary and Compelling Reasons.

The First Step Act of 2018 empowers a district court to grant a reduction of sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A). District

courts are permitted "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court]" on a motion under section 3582(c)(1)(A). United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020) ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion."). An exception to the Court's broad discretion is that rehabilitation alone may not be considered an extraordinary and compelling reason for a sentence reduction. Id. at 237–38. The Court must also consider the "factors set forth in section 3553(a) to the extent they are applicable. . . ." 18 U.S.C. § 3582(c)(1)(A).[2]

On May 12, 2020, Lopez filed a request for compassionate release with the warden of his facility. His request was denied that same day. (Doc 565-1). The government does not dispute that Lopez has exhausted his administrative remedies.

> A. The Substantial and Conceded Error in Lopez's Guidelines Range at Sentencing Constitutes an Extraordinary and Compelling Reason for Sentence Reduction.

In his current motion, Lopez argues for the first time that one of the two predicate offenses did not qualify for the "career offender" enhancement. Lopez did not file a direct appeal or move to vacate, set aside or correct the sentence on the ground that one of the two qualifying offenses was not a "controlled substance offense," as defined in the Guidelines. His time to file a motion to vacate, set aside or correct a sentence on this ground has passed. 28 U.S.C. § 2255(f).

---

[2] Section 3582(c)(1)(A) also requires consideration of whether a sentence reduction is "consistent with the applicable policy statements issued by the Sentencing Commission." But the Second Circuit has "held that United States Sentencing Guideline § 1B1.13—the policy statement 'applicable' to compassionate-release motions brought by the Director of the Bureau of Prisons—is not 'applicable' to compassionate-release motions brought by incarcerated defendants." United States v. Roney, 2020 WL 6387844, at *3 n.1 (2d Cir. Nov. 2, 2020) (citing Brooker, 976 F.3d at 235–36).

The government concedes that the gap between the correct Guidelines range and the erroneous one was "substantial." (Feb. 3, 2021 Tr. at 25; Doc 576). The circumstance was truly extraordinary: Able defense counsel and a competent prosecutor overlooked that one of the predicate offenses was a simple possession rather than a sale of a controlled substance. The Office of Probation on its own review thought the crime constituted a second qualifying offense under section 4B1.1 of the Guidelines. The undersigned, who bears the ultimate responsibility, did not detect that one of the two offenses was non-qualifying.

Under Brooker, the court should consider "all possible reasons for compassionate release" advanced by a defendant, including the "injustice of [defendant's] lengthy sentence." 976 F.3d at 237–38. The Second Circuit further stated that the "district court's discretion in this area—as in all sentencing matters—is broad." Id. In Lopez's case, the Court concludes that the significant error in his Guidelines calculation; and the absence of any other avenue to correct this error constitute an "extraordinary and compelling reason" for sentence reduction.

The central focus of the government's opposition is that any type of procedural error at sentencing should not be considered an "extraordinary and compelling" reason. It notes that for motions brought under other subsections of section 3582(c), the Second Circuit has held that a defendant cannot seek a sentence modification based on a Guidelines error at the original sentencing. See United States v. Moore, 975 F.3d 84, 92 (2d Cir. 2020) (motions under section 3582(c)(1)(B)); Mock, 612 F.3d at 138 (motions under section 3582(c)(2), discussed supra). But Brooker, decided after Moore and Mock, squarely addressed the district court's discretion when deciding motions under section 3582(c)(1)(A)(i). The Second Circuit explained that Congress sought to expand the use of "compassionate release" by passing the

First Step Act and instructed the district court on remand to "exercise the discretion that the First Step Act gives it." Brooker, 976 F.3d at 233–34, 38. In fact, the Court in Brooker focused solely on relief under section 3582(c)(1)(A)(i) without discussion of the other grounds for sentence modification under section 3582(c) or the cases interpreting them. In light of Brooker, neither of these cases prevent the Court from concluding extraordinary and compelling reasons exist in Lopez's case.

There is a strong federal interest in the finality of judgments and most errors in an original sentencing are not likely to qualify as an extraordinary and compelling reason for a sentence reduction. Several important factors, acting in tandem, make this case distinctive. First, the Guidelines error is one that the government and the Court should have detected at or prior to sentencing and allowing the sentence to stand undermines respect for the judicial process. Uncovering the error required no investigation, fact-finding or credibility assessment. It does not turn on the retroactive application of new legal principles. The error should have been apparent from the face of the PSR, describing one of the two qualifying offenses as possession, not sale, of a controlled substance. (PSR ¶¶ 122–124). Second, the Guidelines error was substantial. Lopez has shown that the error, if detected, would have resulted in a very significant difference in the applicable Guidelines range. Instead of the range of 262 to 327 months' imprisonment that the Court adopted, it should have adopted a range of 121 to 151 months' imprisonment, a more than 11-year difference on the bottom of the Guidelines range; this is a difference of 116%. See Molina-Martinez v. United States, 136 S. Ct. 1338, 1346 (2016) ("When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error.").

Finally, as the sentencing judge, this judge can say with some confidence that the very significant Guidelines error likely affected the sentence imposed. As the government points out, the Court did not rotely translate the Guidelines range into the ultimate sentence. The Court imposed a sentence of principally 180 months, 82 months below the low end of the Guidelines range it had adopted. The statutory range of a lawful sentence for this offense was between a mandatory minimum of 10 years imprisonment and life imprisonment. In that context, the Court cannot say that a sentence of 180 months was unduly lengthy or harsh. But it is significantly different from the sentence that the Court would likely have imposed if it had correctly calculated the Guidelines, and the Court concludes that this is an extraordinary and compelling reason for a sentence reduction.

At first blush, the Court's ruling on Lopez's motion appears to be at odds with its recent decision on a motion of Lopez's co-defendant Hilton Marrero. United States v. Marrero, 11-cr-568 (PKC), 2020 WL 7079483 (S.D.N.Y. Dec. 3, 2020). The Court denied Marrero's motions under both sections 3582(c)(2) and 3582(c)(1)(A)(i). Marrero similarly faced a Guidelines range of 262 to 327 months and received a 180-month term of imprisonment. But the circumstances of Lopez and his co-defendant are fundamentally different. Marrero's Guidelines calculation on the day of sentencing was correct under then controlling precedent. Marrero, 2020 WL 7079483, at *2–3. Subsequent to Marrero's sentencing, the Second Circuit decided United States v. Townsend, 897 F.3d 66 (2d Cir. 2018), in which it held that a state conviction premised upon a statute that permitted conviction for sale of substances that were not "controlled substances" under federal law did not qualify as a predicate offense. Id. at 74–75. Townsend resolved a split in district court authority interpreting the statute. Id. at 70. Under general principles of retroactivity, the rule in Townsend does not apply to Marrero. See Fleury v. United

States, 16-cv-4712 (DLC), 2019 WL 6124486, at *2 (S.D.N.Y. Nov. 19, 2019) ("As the Government correctly points out, however, Townsend cannot be considered, as it does not assert a new rule of constitutional law and it has not been made retroactively applicable to cases on collateral review.") (citing 28 U.S.C. § 2255(h)(2)); cf. McCloud v. United States, _ F.3d _ , 2021 WL 438902, at *5 (2d Cir. Feb. 9, 2021) (describing Townsend as "pronouncing a new rule of law"). Marrero was sentenced under a Guidelines range consistent with district court precedent on the date of sentencing. No plain and unmistakable error was made by defense counsel, the government, the Office of Probation or the Court. Well-established principles precluded the change in statutory interpretation announced in Townsend from being applied retroactively. These rules of retroactivity when properly applied are consistent with due process of law.³ But it is not a rule of retroactivity that precludes the error in Lopez's Guideline range from being reached, it is human failure by those responsible for ensuring that the correct Guidelines range was adopted.

    B. Lopez's Arguments Related to the COVID-19 Pandemic Do Not Present an <u>Extraordinary and Compelling Reason for Sentence Reduction.</u>

In addition, Lopez points to extraordinary and compelling reasons related to the COVID-19 pandemic including the conditions at his facility, his prior diagnosis with the virus, and risk factors if he were to be reinfected. Lopez is currently serving his sentence at FCI

---

³ Other courts in this district have considered whether an intervening change in law warrants a sentence reduction. Judge Sullivan, sitting in the district court, after considering an array of section 3553(a) factors, denied a motion for sentence reduction under section 3582(c)(1)(i)(a) of a defendant who was sentenced to a mandatory life term for a heroin conspiracy conviction but would have been subject to a lower mandatory minimum of 25 years imprisonment, if sentenced today. Musa v. United States, 19-cv-9130 (RJS), 2020 WL 6873506, at *6-7 (Nov. 23, 2020) ("[T]his change in the law is not enough, standing alone, to automatically merit [defendant's] release."). Judge Caproni granted a motion for sentence reduction brought by a defendant who received a 40-year sentence for his role in a narcotics conspiracy that "was the product of then-mandatory Sentencing Guidelines" where a "similarly situated" defendant sentenced today would be "very unlikely" to receive that sentence. Vargas, 2020 WL 6886646, at *5. In granting defendant's motion, Judge Caproni considered the defendant's original sentence in combination with three other extraordinary and compelling reasons.

Danbury in Connecticut. As detailed in his motion, FCI Danbury has experienced prior outbreaks of COVID-19. Since the start of the pandemic, 1 inmate has died while 182 inmates and 80 staff have tested positive and recovered. But as of February 26, 2021, the Bureau of Prisons website reports 1 positive case among inmates and 1 positive case among staff members.

In April 2020, Lopez tested positive for the COVID-19 virus. His prison medical records from an April 25, 2020 evaluation stated that he "was evaluated on 4/13 where he reported increase work of breathing. He was isolated and COVID 19 was reported positive." (Ex. C). During that evaluation, Lopez "denie[d] any fever, cough or shortness of breath" and was advised to return immediately if his condition worsens. Id. While acknowledging that the long-term health effects from contracting COVID-19 are currently not known, Lopez argues his contracting of the virus creates future health risks. The Center for Disease Control ("CDC") advises that "[w]hile most persons with COVID-19 recover and return to normal health, some patients can have symptoms that can last for weeks or even months after recovery from acute illness."[4] Lopez's application, and the medical records annexed to it, do not show that he is experiencing lasting symptoms or effects from contracting COVID-19, and the medical care he has received at FCI Danbury has not been shown to be inadequate.

Lopez also argues that his prior infection with the COVID-19 virus does not preclude a second infection. Current CDC guidance reports that "[c]ases of reinfection with COVID-19 have been reported, but remain rare" and that the "CDC is actively working to learn more about reinfection to inform public health action."[5] The Court concludes that this "rare," presently unquantifiable and poorly understood risk does not qualify as an extraordinary and compelling reason for a sentence reduction.

---

[4] https://www.cdc.gov/coronavirus/2019-ncov/long-term-effects.html (last accessed Feb. 18, 2021).
[5] https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last accessed Feb. 18, 2021).

The Court has considered Lopez's arguments related to the COVID-19 pandemic, namely, his health, the risk of reinfection and the present conditions at FCI Danbury. Whether viewed in isolation or in combination with other relevant considerations relating to the pandemic, they do not constitute an extraordinary and compelling reason that warrant a reduction in his sentence.

C. The Section 3553(a) Factors Support a Sentence Reduction.

The Court must also consider the section 3553(a) factors on a defendant's motion for sentence reduction.

Lopez pled guilty to a crime in which he actively participated in a conspiracy to distribute heroin: "Mr. Lopez was not the original source of supply; he was not the kingpin; he was not the leader; but he was a critical link between the head of the conspiracy and other street-level sellers." (Sentencing Tr. at 14). Lopez was 48 years old at the time he was arrested for the current offense, and he is 57 years old today. His sentence is not for conduct committed at an immature age or as a first-time offender. The Court also considers, as it did at sentencing, that drug addiction was an important cause of his conduct.

As detailed in the PSR, Lopez has a significant criminal history that includes crimes of violence, weapons offenses, and controlled substance-related offenses.[6] The Court described the escalating nature of Lopez's criminal conduct at his sentencing:

> The defendant's criminal history category is long and, as was pointed out I think in the government's submission, it also escalated, starting off with disorderly conduct, promoting gambling, petty larceny, and then moving up to burglary, then criminal possession of a weapon in the fourth degree. And we're only up to age 19 now. Criminal possession of a controlled substance, age 21, more petty larceny, more promoting gambling. Attempted robbery at age 23, robbing together

---

[6] The government notes that Lopez has other convictions that constitute "crimes of violence" or "controlled substances offenses" that were too old to count towards Lopez's status as a career offender, U.S.S.G. § 4A1.1(a). (Doc 571 at 3 n.1).

> with another person the victim at gunpoint. That's age 23. Then receiving stolen property. An assault, including operating a stolen vehicle. Then age 25, a gunpoint robbery, aggravated assault, possession. Possession of a controlled substance, age 28. The defendant was in possession of a .22 caliber resolver [sic]. And this all escalated. Another criminal possession. It escalated to a robbery in the first degree at age 29, in which the defendant and another individual entered a parking garage, pulled out an Uzi machinegun and demanded money and the key from another vehicle. The defendant received a lengthy prison term, was paroled in 2008, and sadly, regrettably reverted to crime.

(Sentencing Tr. at 14–15).

Lopez's criminal history suggests an increased risk of recidivism. For example, a June 2019 study by the United States Sentencing Commission found that federal firearm offenders (Lopez is a state firearms offender) are rearrested at a higher rate than other offenders. They "continued to recidivate later in life than non-firearms offenders," and "recidivated at nearly twice the rate of non-firearms offenders among those released after age 50."[7]

But Lopez (unlike his co-defendant Marrero) has incurred no disciplinary infractions since his sentencing. He also has earned his GED, engaged in drug treatment programming and worked as orderly until unable to do so during the pandemic. (Exhibit D). In a letter submitted with his motion, Lopez states that if released, he will reside with his mother in New York City and work in either construction or an auto-body shop. (Exhibit E).

  D. Lopez Is Entitled to a Sentence Modification to a Term of 121 Months' Imprisonment.

Lopez has served about approximately 118 months or 65% of his 180-month sentence. He has been in custody since his arrest on May 4, 2011. (PSR at 2). According to the

---

[7] Recidivism Among Federal Firearms Offenders, United States Sentencing Commission, at 4 https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2019/20190627_Recidivism_Firearms.pdf (June 2019).

BOP's website, Lopez's anticipated release date accounting for good time-credit is March 10, 2024.[8]  Lopez's Guidelines range at sentencing should have been 121 to 151 months.

The extraordinary and compelling reason for sentence reduction in Lopez's case is a significant error in his Guidelines calculation, missed by all parties at the time of sentencing, which undermined the justness of his sentence.  In contrast to successful section 3582(c)(1)(A)(i) motions concerning defendant's health or heightened risk from the COVID-19 pandemic, a reduction in sentence to time served here lacks a sufficient connection to the extraordinary and compelling reason demonstrated.

The Court has considered the history and characteristics of the defendant, the seriousness of the offense, and the other section 3553(a) factors and concludes that a reduction of Lopez's sentence to 121 months' imprisonment with all other terms and conditions of his sentence, including supervised release and criminal penalties remaining in place, is sufficient, but not greater than necessary, to accomplish the goals of Lopez's original sentence. See Roney, 2020 WL 6387844, at *3 ("[C]ourts regularly consider whether compassionate release would be consistent with § 3553(a) by considering how early release would impact the aims of the original sentence.").

---

[8] See https://www.bop.gov/inmateloc/ (last accessed Feb. 19, 2021).

CONCLUSION

        Taking into account all arguments presented by Lopez in favor of a sentence reduction and considering them both in isolation and in combination, and considering all of the section 3553(a) factors, the Court concludes that Lopez has demonstrated extraordinary and compelling reasons for a reduction in his sentence. Lopez's motion is therefore GRANTED. His sentence is reduced to 121 months' imprisonment with all of the other terms and conditions of his original sentence remaining unchanged. (Doc 274). The Clerk is directed to terminate the motion. (Docs 565 & 572).

        SO ORDERED.

*[signature]*

P. Kevin Castel
United States District Judge

Dated: New York, New York
       February 26, 2021